UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6101 CAS (VBKx) | | Date | August 4, 2008 |
|---|---|---|---|---|
| Title | BRANTLEY et al. v. NBC UNIVERSAL, INC., et al. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **DEFENDANTS' MOTIONS TO CERTIFY ISSUES FOR INTERLOCUTORY APPEAL** (filed July 14, 2008)

## I.   INTRODUCTION

The Court has twice ruled on motions to dismiss filed in this matter. On March 10, 2008, the Court dismissed the First Amended Complaint ("FAC"), with leave to amend, for failure to state a claim under Section 1 of the Sherman Act. However, the Court found that the FAC properly alleged plaintiffs' ability to sue under Illinois Brick v. Illinois, 431 U.S. 720 (1977), and general antitrust standing principles. On March 20, 2008, plaintiffs filed a Second Amended Complaint ("SAC"). On June 25, 2008, the Court found that the SAC properly alleged a claim under the Sherman Act and sufficiently alleged ability to sue under the co-conspirator exception to Illinois Brick and under antitrust standing principles.

On July 14, 2008, defendants in this matter brought two separate motions requesting that the Court certify issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The motion filed by the programmer defendants requests certification of whether or not the facts alleged in the complaint are sufficient to state a claim for relief under Section 1 of the Sherman Act, 15 U.S.C. § 1. The motion filed by the distributor defendants requests certification on the question of whether the co-conspirator exception to Illinois Brick is limited to price-fixing conspiracies. On July 21, 2008, plaintiffs filed a consolidated opposition to the two motions to certify. On July 28, 2008, defendants filed replies to the plaintiffs' opposition. The Court found that the matter was appropriate for decision without oral argument, see L.R. 7-15, and took the matter under submission on July 28, 2008. Having carefully considered the arguments of the parties, the Court concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6101 CAS (VBKx) | Date | August 4, 2008 |
|----------|----------------------|------|----------------|
| Title | BRANTLEY et al. v. NBC UNIVERSAL, INC., et al. | | |

## II.   LEGAL STANDARD

A district court may certify an order for interlocutory appeal if the court concludes that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ."  28 U.S.C. § 1292(b). Interlocutory appeals should be granted "only in extraordinary cases," and not "merely to provide review of difficult rulings in hard cases."  U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966); see also James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (noting that certification is appropriate only in "rare circumstances"). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable and therefore must be construed narrowly."  James, 283 F.3d at 1068 n.6.

## III.   DISCUSSION

### A.   Sufficiency of the Complaint

The programmer defendants' challenge to the sufficiency of the allegations in the complaint is not an appropriate topic for certification for interlocutory appeal.  While sufficiency of a pleading is, in the broadest sense, "a controlling question of law," if section 1292(b) were interpreted this broadly virtually every denial of a motion to dismiss would be subject to interlocutory review.  The programmer defendants present no compelling reason why this denial of a motion to dismiss is an "extraordinary case" that would set it apart from any other case that is allowed to proceed past a motion to dismiss.

Nor would appellate review of the sufficiency of the complaint materially advance the ultimate termination of the litigation.  Even if the Court of Appeals were to reverse this Court and find that the SAC did not properly allege a claim for relief, there is little doubt that leave to amend would be granted to allow plaintiffs to supplement their claims. See Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.")  As the plaintiffs have indicated their willingness and ability to amend their complaint further if forced to do so, interlocutory appellate review of the sufficiency of the complaint would not definitively

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6101 CAS (VBKx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | BRANTLEY et al. v. NBC UNIVERSAL, INC., et al. | | |

move the case towards final resolution.  Instead, it would, at best, generate another round of amendments to the complaint most likely followed by another round of motions to dismiss.

### B.      Application of Co-Conspirator Exception to <u>Illinois Brick</u>

The distributor defendants seek certification for interlocutory review on the question of whether the co-conspirator exception to the <u>Illinois Brick</u> indirect purchaser bar is limited to price fixing conspiracies.  While this question is more in the nature of a pure legal issue than the question raised by the programmer defendants, the factual record surrounding the nature of the alleged restraints by the defendants and the nature of the alleged harm suffered by the plaintiffs is not developed enough to make it a good candidate for interlocutory review at this time.  The distributor defendants are correct that <u>Illinois Brick</u> issues are considered on interlocutory appeal, but the cases that they cite were all appealed after a ruling at summary judgment.  See <u>Kansas v. Utilicorp United, Inc.</u>, 431 U.S. 199, 205 (1990); <u>Del. Valley Surgical Supply, Inc. v. Johnson & Johnson</u>, 523 F.3d 1116, 1119 (9th Cir. 2008); <u>Howard Hess Dental Labs, Inc. v. Dentsply Int'l, Inc.</u>, 424 F.3d 363, 367-68 (3d Cir. 2005).  The lack of a factual development could make a reasoned decision on the scope of the co-conspirator exception especially difficult if the Court of Appeals declined to accept the defendants' entire position and instead opted for a co-conspirator exception broader than only price fixing conspiracies.   This consideration highlights the fact that this case does not squarely pose the question that the distributor defendants wish to certify as there are several ways in which the <u>Illinois Brick</u> issues in this case could be resolved without opting for the broad conclusion urged by the distributor defendants.

## IV.   CONCLUSION

For the reasons set forth, the Court DENIES the motions to certify issues for interlocutory appeal.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6101 CAS (VBKx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | BRANTLEY et al. v. NBC UNIVERSAL, INC., et al. | | |